## Baker v. Commonwealth.

(Decided June 19, 1925.)

### Appeal from Clay Circuit Court.

1. Justices of the Peace—Indictment Held to Describe Offense of Willful Neglect of Duty.—Indictment, averring that justice of the peace had personal knowledge of public offenses in his districts, and that he willfully neglected to investigate them and to issue warrants for offenders as was his duty under the Code, held sufficiently to describe offense of willful neglect of duty.

2. Justices of the Peace—Evidence Held Not to Sustain Conviction of Willful Neglect of Duty.—Evidence held not to sustain conviction of justice of the peace of willful neglect of duty in failure to

investigate and issue warrants for offenses of disorderly conduct and disturbing church meeting.

ROY W. HOUSE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellant appeals from a judgment fining him $100.00 and forfeiting his office of justice of the peace pursuant to a conviction under an indictment charging him with wilful neglect of duty. The indictment in this case is as poorly drawn as any we have ever had occasion to examine, yet it does in a very involved way sufficiently describe the offense charged. It avers that the appellant had personal knowledge of various public offenses in his district and that he wilfully neglected to investigate them and to issue warrants for the offenders as is his duty under the Code.

The judgment, however, will have to be reversed because the verdict is flagrantly against the evidence. The indictment charges, first that appellant having personal knowledge of the same failed to investigate the conduct of and to issue warrants for Charles Collins and others on account of the offense of conducting themselves in a disorderly manner and so as to disturb one G. H. Bently; secondly, appellant failed to investigate the conduct of and issue a warrant for this man Collins on account of the offense of going to the home of Oscar Shackelford, a blind man, and then shooting him with Roman candles, thereby injuring him and putting him in fear; thirdly, appellant failed to investigate the conduct of and issue a warrant for Charles Collins on account of disturbing a church meeting, and fourthly, appellant failed to investigate some vague charges against Collins for being disorderly on still another occasion.

So far as the Shackelford incident is concerned, there is no proof in the record whatever about it. With regard to the disturbing of the church, it appears that appellant was present at the church meeting when Collins, who was acting as a volunteer janitor, put some coal in the stove and there was some explosion, but whether from gas in the coal or slate or from a cartridge does not appear. It may be said in passing that the

evidence shows that the grand jury indicted Collins for this offense and that he was acquitted. If the evidence on that trial was the same as given in this case we do not see how the jury could have done otherwise since it is not shown that Collins did anything but throw a bucket of coal in the fire. It fails to show that Collins put anything in the coal before he threw it in the fire, or in fact that the resulting explosion was from other than coal gas. Even the witnesses for the Commonwealth in this case will not swear that the explosion came from a cartridge or that Collins was really responsible for it. So far as the complaint of Collins and others riding up and down the highway and disturbing Bently is concerned, the evidence shows that Bently did make a complaint to the appellant and he promptly issued a warrant for these boys. They were tried and fined $10.00. On the second occasion of such conduct referred to in the fourth item above, they were also arrested under warrants issued by appellant, tried before a jury and also fined. Bently, who is the prosecuting witness in this case, seems to think the fines of $10.00 were too small, and that he ought to have been summoned as a witness in these cases. But surely it cannot be said that the appellant can be ousted from his office because he fixed a fine smaller than the prosecuting witness thinks ought to have been inflicted. If the law were otherwise there would be few magistrates in the state who could hold on to their offices. The matter of fixing of the fines is in the discretion of the magistrate, and there is nothing here to show that he acted in collusion with those whom he was trying. This is all the testimony introduced and it utterly fails to fasten on the appellant any wilful neglect of his official duties.

Therefore, as the verdict of the jury is flagrantly against the evidence, the judgment entered thereon cannot stand.

Judgment reversed.